# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL NO. 5:14-CR-00040-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| VICTOR JAVIER HERNANDEZ, | |
| Defendant. | |

**THIS MATTER** is before the Court on the Defendant's "Motion (Pro Se) for Substitution of Councel [sic]" (document #33) filed April 23, 2015.

By Indictment filed July 15, 2014, Defendant was charged with conspiracy to distribute at least 500 grams of methamphetamine and two counts of possession with intent to distribute methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846. On July 16, 2014, appointed counsel Haakon Thorsen filed a Motion for Inquiry of Counsel (document # 14). Defendant and Mr. Thorsen later resolved their differences and the Motion was withdrawn on August 6, 2014. Defendant entered a guilty plea on January 14, 2015. On April 23, 2015, Defendant filed this pro se Motion seeking new counsel. The Court held a hearing in this matter on May 12, 2015.

In his present Motion, Defendant makes numerous complaints about Mr. Thorsen. According to Mr. Thorsen, Defendant has been uncooperative at times. Mr. Thorsen credibly represents that he has visited with Defendant twenty-one times at the Caldwell and Mecklenburg

County Jails.  Counsel prepared for trial, but a plea agreement was ultimately reached.  The plea agreement included withdrawal of an Information filed pursuant to 21 U.S.C. § 851.  Mr. Thorsen has reviewed the Sentencing Guidelines with the Defendant.  Probation has interviewed Defendant for the presentence report.

At today's hearing, Defendant stated that counsel told him that his presentence report would be completed by now.  Defendant also complains that counsel has refused to file motions that he suggested and has not taken his collect phone calls.  The Court explained to Defendant that his attorney was not responsible for any delay in the preparation of his presentence report.  The Court advised Defendant that it is counsel's responsibility to decide what motions to file.

The Court also advised Defendant that it would not be in his best interests for new counsel to be appointed at this late stage in the proceedings.

"Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel.  As a general rule, a defendant must show good cause in requesting a new appointed lawyer." <u>United States v. Mullen</u>, 32 F.3d 891, 895 (4th Cir. 1994).  Here, Defendant's complaints do not establish good cause for the Court to appoint new counsel.  Based upon the foregoing, the Motion is denied.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: May 12, 2015

David S. Cayer
United States Magistrate Judge